UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUBEN LUCIANO-JIMENEZ,<br> Petitioner,<br><br>v.<br><br>CLAIR DOLL, Warden, et al.<br> Respondents. | CIVIL ACTION NO. 3:20-CV-02384<br><br>(MANNION, D.J.)<br>(MEHALCHICK, M.J.) |

## REPORT AND RECOMMENDATION

And now, on this 1st day of March, 2021, upon consideration of Petitioner's Petition for a Writ of Habeas Corpus and the parties' Joint Stipulation (Doc. 1; Doc. 9), it is hereby recommended that:

1. The Petition for a Writ of Habeas Corpus is GRANTED (Doc. 1) to the extent that Petitioner be afforded an individualized bond hearing before the immigration court. (Doc. 1).

2. The Immigration Judge shall afford Petitioner Ruben Luciano-Jimenez an individualized bond hearing within twenty-one (21) days of this Order provided COVID-19 quarantine protocols allow, or as soon as is practically allowable should Petitioner's housing unit end up subject to quarantine protocols at the time of the scheduled hearing. The immigration judge must make an individualized inquiry into whether detention is necessary for the purposes of ensuring that the Petitioner attends removal proceedings and that her release will not pose a danger to the community. *See German Santos v. Warden Pike County Corr. Facility*, 965 F.3d 203, 214 (3d Cir. 2020); *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 475, 477-78 (3d Cir. 2015). Further, the government bears the burden of presenting evidence at this hearing and proving by clear and convincing evidence that Petitioner's continued detention is necessary to fulfill the purposes of the detention statute. *German Santos*, 965 F.3d at 213-14.

3. The Parties shall report to this Court on the outcome of the individualized bond hearing no later than seven (7) days after the Immigration Judge's bond hearing.

4. Petitioner reserves the right to request this Court to enforce its order in the event that the Immigration Judge's bond hearing does not comply with the requirements laid out in the Court's order.

5. Nothing in this stipulation or order shall deprive this Court of its authority to enforce its order granting the writ of habeas corpus as this Court deems appropriate.

6. Petitioner's request for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 is deemed withdrawn.

Dated: March 1, 2021                                         *s/ Karoline Mehalchick*
                                                             **KAROLINE MEHALCHICK**
                                                             **United States Magistrate Judge**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUBEN LUCIANO-JIMENEZ, | |
| Petitioner, | CIVIL ACTION NO. 3:20-CV-02384 |
| v. | (MANNION, D.J.) |
| CLAIR DOLL, Warden, et al. | (MEHALCHICK, M.J.) |
| Respondents. | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **March 1, 2021**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: March 1, 2021                               *s/ Karoline Mehalchick*
                                                   **KAROLINE MEHALCHICK**
                                                   **United States Magistrate Judge**