# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUBEN LUCIANO-JIMENEZ, <br><br> Petitioner, <br><br> v. <br><br> CLAIR DOLL, Warden, et al., <br><br> Respondents. | CIVIL ACTION NO. 3:20-CV-02384 <br><br> (MANNION, D.J.) <br> (MEHALCHICK, M.J.) |

## **REPORT AND RECOMMENDATION**

This matter comes before the Court on Petitioner's Motion to Enforce Order granting Writ of Habeas Corpus (Doc. 19). On December 18, 2020, Ruben Luciano-Jimenez ("Petitioner") petitioned the Court for a writ of habeas corpus, asserting that the length of his detention without an individualized bond hearing was in violation of the Due Process clause of the Fifth Amendment of the United States Constitution. (Doc. 1). On February 19, 2021, the parties filed a joint stipulation requesting the Court to enter an order granting the Petitioner a writ of habeas corpus to the extent that the Immigration Court be directed to provide him with an individualized bond hearing. (Doc. 9). The Court granted the Petition for a writ of habeas corpus on March 2, 2021. (Doc. 15). The Court ordered that an Immigration Judge afford Petitioner an individualized bond hearing within twenty-one days of the Order and that "[t]he [I]mmigration [J]udge must make an individualized inquiry into whether detention is necessary for the purposes of ensuring that the Petitioner attends removal proceedings and that his release will not pose a danger to the community." (Doc. 15, at 1-2) (citing *German Santos v. Warden Pike County Corr. Facility*, 965 F.3d 203, 214 (3d Cir. 2020); *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 475, 477-78 (3d Cir. 2015)).

On April 22, 2021, Petitioner filed a motion to enforce the Court's Order (Doc. 19), submitting that he did not receive an individualized bond hearing in accordance with the Court's Order. (Doc. 20). This motion was referred to the undersigned on June 15, 2009 for purposes of determining whether Petitioner received an individualized bond hearing and to conduct a hearing if necessary. (Doc. 23). ON June 24, 2021, the Court determined that the bond hearing held by the Immigration Judge did not meet the due process requirements of the Court, and scheduled an individualized bond hearing for July 1, 2021. (Doc. 24). That hearing was conducted on July 1, 2021.

Having determined that the hearing before the Immigration Judge did not comport with this Court's directive or with the due process requirements for such hearings, the Court turns to the issue of whether Petitioner should be detained pending further proceedings, and whether Petitioner is entitled to the relief sought in his emergency petition. For the following reasons, the Court recommends that Petitioner be released subject to conditions pending further proceedings.

Petitioner has been detained in immigration custody since October 5, 2018. In seeking continued detention of Petitioner, the burden of proof falls to the Government to establish through clear and convincing evidence that Petitioner is a threat to the community if he should be released and that continued detention is necessary. *German Santos v. Warden, Pike County Corr. Facility*, 965 F.3d 203, 213-14 (3d Cir. 2020). The Government has not met that

burden here, and it is recommended that Petitioner be released and subject to the terms of his supervised release in the United States District Court for the Southern District of New York.[1]

Continued detention is allowed only if a detainee is *currently* a risk of flight or a threat to the community. *Chi Thon Ngo v. I.N.S.*, 192 F.3d 390, 398 (3d Cir. 1999) ("The process due even to excludable aliens requires an opportunity for an evaluation of the individual's current threat to the community and his risk of flight."). "Due process is not satisfied [] by rubberstamp denials based on temporally distant offenses." *Chi Thon Ngo*, 192 F.3d at 398. When using criminal history to deny bond on the basis of threat to the community, "the recency and severity of the [past criminal] offenses *must* be considered." *Singh v. Holder*, 638 F.3d 1196, 1206 (9th Cir. 2011) (emphasis added); *Guerrero Sanchez v. Sabol*, No. 1:15-CV-2423; 2017 WL 569176, at *2 (M.D. Pa. Feb. 13, 2017). Other than his one criminal offense, the Government argues that two infractions by Petitioner while incarcerated weigh in favor of detention.

In support of release, Petitioner has provided numerous letters of support of his character from family, friends, and community members. At his hearing, he proffered that he has gainful employment waiting for him if he is released. Further, he has a stable residence

---

[1] In October 2018, Petitioner was transferred to ICE custody upon completion of 24 months incarceration portion of his sentence for a conviction of conspiracy to possess with intent to distribute heroin. (Doc. 27-1); *United States v. Luciano De Los Santos*, No. 17-CR-00-185-03-AJN (Doc. 76). He is subject to a three-year term of supervised release by the United States Probation Office for the Southern District of New York.

available to him with his sister, who has also been offered as a third-party custodian of Petitioner.[2]

Over four years have passed since the time of Petitioner's conduct leading to his conviction Even if Petitioner's crime was "very serious," it does not establish that he is a *current* danger to the community. *See Guerrero Sanchez,* 2017 WL 569176, at *5. Criminal activity occurring over four years ago cannot be the sole reason for a conclusion that Petitioner is a current danger to the community. *See Chi Thon Ngo*, 192 F.3d at 398; *Lawson*, 332 F. Supp. 2d at 738, 745-46. The Court finds that the conditions of his supervision imposed by the United States Probation Office for the Southern District of New York should ensure the safety of the community, and as such recommends that he be released subject to those conditions as soon as practicable upon adoption of this Report and Recommendation by the District Judge.

**BY THE COURT:**

**Dated: July 3, 2021**  *s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

---

[2] Because the Court recommends that Petitioner be released subject to the conditions of his supervision in the Southern District of New York, the Court declines to order that Petitioner's sister be named as third-party custodian.

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUBEN LUCIANO-JIMENEZ,<br><br>Petitioner,<br><br>v.<br><br>CLAIR DOLL, Warden, et al.,<br><br>Respondents. | CIVIL ACTION NO. 3:20-CV-02384<br><br>(MANNION, D.J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **July 3, 2021**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: July 3, 2021**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**